IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR416-096-2
)
XAVIER WHITFIELD, )
)
Defendant. )
)

## O R D E R

Before the Court is the Government's Motion to Dismiss Ancillary Petition of Marcel Capri Harris. (Doc. 76.) For the following reasons, the Government's motion is **GRANTED**.

On May 31, 2016, Defendant Xavier Whitfield plead guilty to one count of conspiracy to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (Doc. 47.) On that same date, this Court entered a Consent Order of Forfeiture against property possessed by Defendant Whitfield, including a Taurus Model PT945 .45 caliber pistol bearing serial number NNJ03475. (Doc. 49.) On November 4, 2016 and December 7, 2016, the Government provided written notice to anyone who might have interest in the property. (Doc. 68; Doc. 74.) On January 9, 2017, Marcel Harris filed a response to the notices claiming to own the Taurus Model pistol. (Doc. 75.) This response was filed under "penalty of purchase" and attached a receipt for a Taurus Model G2 firearm with a

serial number THP34523. (Id. at 2-3.) The Government filed a Motion to Dismiss the Ancillary Petition arguing that Harris neither complied with the technical requirements of 21 U.S.C. § 853 nor stated a claim for relief. (Doc. 76.) Harris has filed no response to this motion.

Pursuant to Federal Rule of Criminal Procedure 32.2, the Court generally holds a hearing on an ancillary forfeiture petition. However, no such hearing is necessary when a petition does not comply with the technical requirements of § 853, including the requirement that the petition be signed under penalty of perjury. See United States v. Natalie Jewelry, 2015 WL 150841, at *3 (S.D. Fla. Jan. 13, 2013) report and recommendation adopted sub nom. United States v. Jewelry, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) (strictly construing technical requirements and dismissing petitions not signed under penalty of perjury). Moreover, a Court may dismiss even sworn petitions pursuant to a motion to dismiss if the petitioner fails to state a claim under § 853(n)(3). Rule 32.2(c)(1)(A). To state a claim pursuant to § 853(n)(3), a petitioner must establish "(1) he had a legal interest in the forfeited property; (2) his legal interest in the forfeited property was superior to [Defendant's] interest; and (3) his legal interest was superior to [Defendant's] interest at the time of [Defendant's crime]." United States v. Ramunno, 599 F.3d 1269,

1273 (11th Cir. 2010) (citing United States v. Shefton, 548 F.3d 1360, 1364 (11th Cir. 2008)).

The petition in this case should be dismissed both because it fails to comply with the technical requirements and because it fails to state a claim under § 853(n)(3). First, the petition is submitted under "penalty of purchase," rather than penalty of perjury. Accordingly, the petition does not comply with the technical requirements of § 853 or ancillary petitions in forfeiture proceedings. Second, the Harris' petition does not indicate that there is an ownership interest in the firearm currently subject to forfeiture. As noted above, Harris has only provided evidence of ownership in a firearm with a different serial number. As a result, Petitioner has not shown any of the required elements of a § 853(n)(3) claim. Accordingly, the ancillary petition of Marcel Capri is **DISMISSED**.

SO ORDERED this 10th day of March 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA